# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

TROY CRAWLEY, #r33677-037,

                Petitioner,

v.                                                     ACTION NO.  2:11cv542

ERIC WILSON,
Warden, FCI Petersburg,[1]

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  Because Petitioner failed to properly exhaust administrative remedies, and his claims lack merit, the undersigned recommends that the petition be dismissed.

## I. STATEMENT OF THE CASE

Petitioner, a federal inmate currently confined at Federal Correctional Institution Petersburg (Low), filed a "Complaint for Declaratory Judgment or Alternative Injunctive Relief" with the United States District Court for the District of Columbia on May 5, 2010.[2] Compl., ECF No. 1.  Petitioner asserted he had been disciplined by the Federal Bureau of Prisons on March 23,

---

[1] Inasmuch as the petition designates extraneous party respondents, it is ORDERED that the petition be deemed amended to substitute as the sole respondent in this proceeding Eric Wilson, Warden FCC Petersburg. See 28 U.S.C. § 2242, 2243; see generally Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (stating the default rule is that the proper respondent to a prisoner's habeas petition is the warden of the facility where the prisoner is being held).

[2] At the time Petitioner filed his Complaint, he was confined at FCI Elkton, Ohio. Compl. ¶ 6.

2009, for possession of a cellular telephone while he was imprisoned at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania. Compl. ¶¶ 2, 3, 6.  Petitioner incurred the following sanctions: 60 days in disciplinary segregation, disallowance of 216 days of good conduct time, loss of phone privileges and visitation privileges for two years, loss of commissary privileges for one year, and disciplinary transfer. Compl. ¶ 3.  Petitioner alleged he was deprived of due process because he was not timely provided with the disciplinary hearing officer's decision, was wrongfully charged with the violation of an incorrect Bureau of Prisons ("BOP") rule, and was deprived of his right to be heard on appeal. Compl. ¶¶ 10-13.  Petitioner requested an order reversing the findings and sanctions, expunging the incident report from his record, and restoring his status. Compl. ¶¶ 16-18.

On September 3, 2010, Petitioner filed a Motion for Summary Judgment in the United States District Court for the District of Columbia. ECF No. 15.  Respondent filed a Motion to Dismiss, Motion for Summary Judgment, and Motion to Transfer the Case. ECF No. 18.  On September 9, 2011, the United States District Court for the District of Columbia entered a Memorandum Opinion and Order construing Petitioner's Complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, because Petitioner's claims "essentially concern the validity of his imprisonment." Op. and Order 3, ECF No. 23.  The court granted in part and denied in part Respondents' motions, and transferred the case to the United States District Court for the Eastern District of Virginia.  The court also denied Petitioner's Motion for Summary Judgment as moot.

This Court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply the Rules to this Section 2241 Petition, and ordered that Respondent file an

answer to the Complaint/Petition (ECF No. 27), which Respondent filed on January 17, 2012. ECF No. 28. Although given the opportunity to file a response within 21 days after receipt of the answer, Petitioner has not responded to the answer. Accordingly, the matter is now ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 22, 2005, Petitioner was sentenced in the United States District Court for the District of Maryland for conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. *See* Ex. 1 to Respondent's Answer, Alderman Decl., Att. A (SENTRY computerized Public Information, Inmate Data for Troy Crawley). Petitioner was incarcerated at FCI Schuylkill from May 19, 2008 to June 22, 2009, encompassing the time of the incident giving rise to the disciplinary proceedings addressed in the current petition. *See* Alderman Decl., Att. F (Inmate History Report).

At 9:45 p.m. on March 7, 2009, a staff member making rounds at Camp 1 in FCI Schuykill observed Petitioner, who was sitting on a chair, quickly try to hide something underneath his left leg. *Id.*, Att. B (Incident Report). After a black cell phone charger was found in Petitioner's pocket during a pat search, Petitioner told the staff member that a phone was underneath of his chair. *Id.* Petitioner then picked up, and handed over, a Virgin Mobile cell phone. *Id.* Petitioner was charged with a Code 108 violation for "Possession, Manufacture or Introduction of a Hazardous Tool." *Id.* A copy of the incident report was delivered to Petitioner on March 8, 2009. *Id.* Petitioner was placed in Administrative Detention, and the report was forwarded to the Unit Disciplinary Committee for further processing. *Id.*

On March 10, 2009, Petitioner received a "Notice of Discipline Hearing Before the DHO

3

[Disciplinary Hearing Officer]" for a violation of Code 108, possession of a hazardous tool, on March 7, 2009.  *Id.*, Att. D (Notice).  At his DHO hearing held March 23, 2009, Petitioner waived his right to staff representation and to witness testimony, and provided the following statement, "[t]he report is true, I was using it to call my Grandmother and my kids while I was on restriction." *Id.*, Att. C (DHO Report).  The DHO found Petitioner committed the prohibited act of possession of a hazardous tool, Code 108. *Id.*  This finding was based on Petitioner's statement, the incident report, a picture of the cell phone, and a previously posted memorandum from Warden T. Sniezek, dated May 16, 2008, stating, "any inmate found in possession of a cellular telephone . . . will be charged with a violation of Code 108, Possession, Manufacture, or Introduction of a Hazardous Tool." *Id.*, Att. C.  The DHO imposed the following sanctions: disciplinary segregation for 60 days, disallowance of 54 days of good conduct time, forfeiture of 216 days of non-vested good conduct time, loss of phone and visitation privileges for two years, and loss of commissary privileges for one year. *Id.*

On March 31, 2009, a copy of the DHO report was "sent to" Petitioner, advising he had twenty calendar days to note an appeal under the Administrative Remedy Procedure. *Id.*  Over 90 days later, on July 13, 2009, Petitioner filed Administrative Remedy No. 547108-R1 at the BOP Northeast Regional Office appealing the Code 108 sanctions. *See* Ex. 2 to Respondent's Answer, Heard Decl. ¶ 6 and Att. A.  The appeal was rejected on July 16, 2009, because Petitioner failed to provide a copy of the DHO Report being appealed, and failed to identify the charges and date of the DHO action. *Id.*  Petitioner was advised he could resubmit his appeal within 10 days of the date of the rejection notice, or 20 days from the date he received the DHO report. *Id.*

More than two weeks later, on August 3, 2009, Petitioner attempted to resubmit his

appeal to the Northeast Regional Office, and the appeal was rejected as untimely. *Id.* ¶ 7 and Att. B.    Petitioner was advised he would need to provide staff verification for any claimed reason for delay before a request for appeal could be accepted outside of normal time frames. *Id.* Without submitting staff verification or any further document with the Regional Office, Petitioner filed a Central Office Administrative Remedy Appeal on August 25, 2009. *Id.* ¶ 8, Att. C.  On October 1, 2009, the Central Office concurred with the Regional Office that the appeal was untimely. *Id.*

**A. Exhaustion**

Petitioner failed to properly exhaust his administrative remedies.  "Exhaustion is an important doctrine in both administrative and habeas law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  First, "[e]xhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.' Second, exhaustion promotes efficiency." *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  The exhaustion requirement extends to inmates filing § 2241 petitions. *McClung v. Shearin*, 90 Fed.App'x 444, 446 (4th Cir. 2004); *Ingram v. Dove*, 38 Fed.App'x 186 (4th Cir. 2002). Moreover, an inmate must *properly* exhaust administrative remedies, which requires compliance with the agency's deadlines and procedures. *Woodford*, 548 U.S. at 90. An inmate's failure to properly exhaust administrative remedies prior to filing a habeas petition will render the claims procedurally defaulted. *McClung v. Shearin*, 90 Fed.App'x at 446.  Failure to exhaust may only be excused upon a showing of cause and prejudice. *Id.* at 445.

In the BOP, administrative remedies are exhausted through an Administrative Remedy

Program set forth in 28 C.F.R §§ 542.10-19.[3]   Petitioner failed to fully exhaust these administrative remedies.   First, the DHO Report indicates it was "sent to" Petitioner on March 31, 2009, advising Petitioner had twenty days to appeal, until April 20, 2009. *See* 28 C.F.R. § 542.15(a) (2009) (An inmate may appeal to the Regional Director within twenty calendar days).   Petitioner asserts the Report was "placed in his property without notification," and he did not become aware of the Report until July 2, 2009, after his transfer from FCI Schuykill to FCI Elkton. Compl. ¶ 6.   Petitioner filed an appeal with the Regional Office on July 13, 2009, which was incomplete in that he failed to include a copy of the Report or note the date of the Report. *See* 28 C.F.R. § 541.19 (2009) (an inmate's initial appeal of a DHO report should be filed directly with the Regional Office, along with a copy of the DHO report or, if not available, should state the date of the DHO hearing and the nature of the charges).   On July 16, 2009, Petitioner was given ten days, until July 26, 2009, to resubmit his appeal in proper form. *See* 28 C.F.R. § 542.17 (2009) (When an appeal is rejected for failure to comply with a code requirement, "the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.")   Petitioner waited until August 3, 2009, to resubmit his appeal to the Regional Office.   When Petitioner's appeal was rejected as untimely, he was given an opportunity to resubmit the appeal with staff verification to justify the untimeliness. *See* 28 C.F.R. §§ 542.14 (2009) (setting forth the circumstances under which an appeal may be rejected and when an extension of time may be granted).[4]   Petitioner never did

---

[3] The Court will apply the 2009 version of the Code of Federal Regulations, the version in place at the time of the events in issue. *See Sprouse v. Schweiker*, 677 F.2d 1029, 1030 (4th Cir. 1982).

[4] 28 C.F.R. § 542.14 (b) (2009) provided for an extension of the filing deadline "where the inmate demonstrates a valid reason for delay. . . Valid reasons for delay include the following: an extended period in transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken

this.   Instead, Petitioner appealed to the BOP's Central Office, which affirmed the Regional

Office's rejection of the appeal as untimely. *See* 28 C.F.R. § 542.15(a) (2009) (If the inmate is

not satisfied with the Regional Director's response, he must file an appeal to the General Counsel

within thirty days of the date the Regional Director signed the response.).

The record shows that the administrative process was not properly exhausted.   For this

reason, the petition is procedurally barred from review in this Court. *See McKart v. United*

*States*, 395 U.S. 185, 193-95 (1969) (providing that no one is entitled to judicial relief for a

supposed to threatened injury until the prescribed administrative process has been exhausted);

*Merki v. Sullivan*, 853 F.2d 599, 600-601 (8th Cir. 1988); *Guida v. Nelson*, 603 F.2d 261 (2d Cir.

1979); *Swinson v. U.S. Parole Comm.*, 682 F. Supp. 29 (E.D.N.C. 1988), *aff'd*, 849 F.2d 606 (4th

Cir. 1988) (dismissing a federal prisoner's application for habeas corpus relief for failure to

exhaust all available administrative remedies).   However, as the case has progressed to this stage,

and Petitioner's claims lack merit, the Court will address Petitioner's claims on the merits. *See*

*Bacon v. Lee*, 225 F.3d 470, 477 (4th Cir. 2000).

**B.** **Petitioner's Due Process Rights were Not Violated During the Disciplinary Process**

In the Supreme Court's seminal case on the due process rights of prisoners, *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974), the Court considered how prison disciplinary hearings must be

structured in order to comport with the demands of the Due Process Clause: (1) written notice of

the disciplinary charges at least 24 hours in advance of the hearing; (2) a neutral and detached

hearing body; (3) an opportunity to present evidence and call witnesses; (4) an opportunity to

have non-attorney representation when the inmate is illiterate or the disciplinary proceeding

---

for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for
copies of dispositions requested under § 542.19 of this part was delayed."

involves complex issues; and, (5) a written statement provided by the fact finder of the evidence relied upon and the reasons for the decision. *Wolff*, 418 U.S. at 563-67 (discussing requirements for state prison disciplinary hearings to comply with the Fourteenth Amendment Due Process Clause). Each of these requirements was met in Petitioner's case.  Petitioner was given written notice of the charges on March 8, 2009, fifteen days before the DHO hearing. *See* Alderman Decl. Att. C.  On March 10, 2009, Petitioner waived his right to a staff representative and declined to call witnesses. *Id.* Att. C.  On March 31, 2009, Petitioner was given a written statement of the DHO's findings, though Petitioner disputes the manner in which it was provided to him. *Id.*  Lastly, Petitioner has not disputed the neutrality of the DHO.

    1.    **Delivery of DHO Report, and Subsequent Appeal**

Petitioner argues he did not receive his "DHO package" within ten days, so as to permit timely appeal to the Regional Office. Compl. ¶ 5-8.  The regulations provide that, "the DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g) (2009).  The record indicates the Report was "sent to" Petitioner on March 31, 2009, eight days after his hearing held March 23, 2009. Alderman Decl. Ex. C.  Petitioner asserts the Report was placed in his belongings, and he did not become aware of it until July 2, 2009. Compl. ¶ 6.

Petitioner has failed to show the delivery of his DHO Report resulted in a Due Process violation.  Even though Petitioner did not become aware of the Report until July 2, 2009, he has failed to show any prejudice resulting from the delay in receiving the report. *See Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such

8

delay."); *Wilson v. Ashcroft*, 350 F.3d 377, 380 (3d Cir. 2003) (holding failure to serve final removal order until after appeal time expired was not a due process violation in the absence of prejudice); *Staples v. Chester*, 370 Fed. App'x 925, 930 (10th Cir. Mar. 31, 2010) ("DHO's failure to give an inmate a written copy of its decision within ten days should not entitle an inmate to habeas relief so long as the delay had no prejudicial effect on an administrative appeal") (citing *Cook v. Warden*, 241 Fed. Appx. 828, 829 (3d Cir. 2007)).  Even after Petitioner filed his first untimely, and incomplete, appeal with the Regional Office, Petitioner was given two opportunities to have his appeal heard at the Regional Office.  He failed to file a complete appeal within ten days of the first rejection.  He then failed to resubmit the appeal with staff verification for the delay following his second rejection.  Neither of these missed opportunities were the result of the DHO Report being placed in Petitioner's belongings, as opposed to being delivered in another manner.  Consequently, Petitioner cannot show that he was prejudiced by the manner in which the Report was delivered, or show that the manner of delivery denied him his right to appeal the DHO findings.  Petitioner's claims that he (1) was deprived of due process because he was not timely provided with the disciplinary hearing officer's decision, and (2) was deprived of his right to be heard on appeal (Compl. ¶¶ 10, 13), lack merit.

### 2.    Cell Phone - Code 108 Hazardous Tool

Next, Petitioner alleges his possession of a cell phone should have been charged as a Code 305 violation for "possession of anything not authorized for retention or receipt by the inmate," as opposed to a Code 108 violation for "possession of a hazardous tool."  Compl. ¶ 12. He asks the Court to issue "an Order finding the Code [108] to be Unconstitutional, for the conduct that's stated . . . [b]ecause the Code doesn't match[] the conduct, and the conduct

doesn't match[] the Code." *Id.*   To the extent Petitioner is alleging Code 108 was unconstitutionally vague as to cell phones, his claim must fail.

A regulation is impermissibly vague if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning." *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926).   At the time of Petitioner's violation, the definition of a Code 108 violation was, "[p]ossession, manufacture, or introduction of a hazardous tool ([t]ools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)". 28 C.F.R. § 541.13 (2009).[5]   "Pragmatically speaking, it would be virtually impossible for a single statute to catalogue the numerous items which must be prohibited in the interest of prison safety and security." *United States v. Chatman*, 538 F.2d 567, 569 (4th Cir. 1976); *see also Robinson v. Wade*, 250 Fed. App'x 462, 464 (3d Cir. 2007) (finding Code 108 is not unconstitutionally vague on its face and permitting interpretation of the 2007 version of Code 108 hazardous tools to include cell phones); *Belt v. Drew*, 2011 WL 6673294 (D.S.C. Sept. 20, 2011) (holding, even though there was no reference to cell phones, there was "nothing unconstitutionally vague about including a cellular phone as a hazardous tool under [] section [108]").   Further, in light of the danger that "'legalistic wrangling over whether a rule was broken may visibly undermine the administration's position of total authority,' . . . courts have consistently concluded that interpretations by prison authorities must be upheld unless fair notice was clearly lacking." *Hadden v. Howard*, 713 F.2d 1003, 1008 (3d Cir. 1983) (citing *Meyers v. Alldredge*, 492 F.2d 296, 311 (3d Cir.1974)).

---

[5] The current regulation refers to "portable telephone, pager or other electronic device" in the Code 108 definition of hazardous tools. 28 C.F.R. § 541.3 (2011).

It was not necessary for Petitioner to guess at the meaning of Code 108, as he was placed on notice that possession of a cell phone would be treated as a Code 108 violation by Warden Sniezek's memorandum posted almost a year prior to Petitioner's infraction. *See* Alderman Decl. Att. C.  Consequently, sanctioning Petitioner for a Code 108 infraction for possession of a cell phone did not violate his due process rights.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED (ECF No. 1).   The claims are procedurally defaulted and lack merit.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or

specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).


_____/s/_____
Tommy E. Miller
United States Magistrate Judge


Norfolk, VA
May 16, 2012

12

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Troy Crawley, #33677-037
FCI Petersburg Low
P.O. Box 1000
Petersburg, VA 23804

Kent P. Porter, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA  23510


Fernando Galindo, Clerk


By _____
   Clerk of the Court

   May     , 2012


13